# IN THE COURT OF APPEALS OF IOWA

No. 18-0912
Filed August 15, 2018

**IN THE INTEREST OF L.M.,**
**Minor Child,**

**K.S., Mother,**
    Appellant,

**T.M., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

The mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Robb D. Goedicke of Cooper, Goedicke, Reimer & Reese Law Firm, PC, West Des Moines, for appellant mother.

Nicholas J. Einwalter, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Kayla A. Stratton of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

The juvenile court terminated the mother's and father's parental rights to their child, L.M., pursuant to Iowa Code section 232.116(1)(d) and (h) (2017). The mother only nominally appeals the termination, while the father challenges the sufficiency of the evidence supporting one of the grounds for termination, whether termination was in the child's best interests, and the juvenile court's determination no permissive factor should be applied to save the parent-child relationship.

**I. Standard of Review.**

We review termination-of-parental-rights proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

**II. Mother's Appeal.**

Although the mother filed an appellate brief in this matter, she does not actually challenge any part of the juvenile court's ruling. She asks that we reverse the termination of parental rights, but she offers no legal grounds upon which we may do so and does not challenge any of the juvenile court's findings of fact. Her appellate brief contains no argument and no legal authority. We recognize that the appeal of a termination order is an expedited process, *see* Iowa R. App. P. 6.201(1), but the parent is still required to raise specific issues. The mother's failure to make a specific argument waives error. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("We have long recognized an appellant must identify alleged error on appeal. . . . A broad, all encompassing argument is insufficient to identify error in cases of de novo review.").

We affirm the termination of the mother's parental rights.

**III. Father's Appeal.**

The juvenile court terminated the father's parental rights to L.M. pursuant to Iowa Code section 232.116(1)(d) and (h). On appeal, the father only challenges the court's ruling as to subsection (d). Because the father does not dispute the existence of the grounds under subsection (h), he has waived any error and we do not have to discuss this step. *See P.L.*, 778 N.W.2d at 40; *see also In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (noting we only need to find grounds to terminate under one section to affirm the juvenile court).

Next, the father challenges the determination that termination of his parental rights is in L.M.'s best interests. *See* Iowa Code § 232.116(2) (requiring the court, when considering best interests, to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child"). L.M. was removed from the father's custody immediately after her birth in October 2016 due to being born with amphetamines in her system. The child was placed in the home of the father's relative, where she remained at the time of the termination hearing in January 2018. Since the opening of the case with the Iowa Department of Human Services, the father continued to use methamphetamine, testing positive for the drug in August 2017 and, at the termination hearing, admitting to using methamphetamine as recently as Christmas 2017. Additionally, at the time of the hearing, the father admitted he was not able to begin caring for L.M., as he did not have a driver's license, employment, or a safe place to stay with L.M. Although the juvenile court had already dismissed one petition to terminate the parents' rights and granted them an additional six months to work toward reunification, the father testified he had "just shrugged it off." Here, where the father has made no

progress toward being able to care for the child during the entire sixteen months of her life—including a six-month extension that was granted by the court—termination is the child's best interests. *See In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially) (recognizing that "[a] child's safety and the need for a permanent home are now the primary concerns when determining a child's best interests"). For the same reasons, we cannot say the juvenile court should have granted the father's request for a second six-month extension.

The father maintains the juvenile court should have considered the bond he shares with L.M. and the fact that she was in the legal care of relatives in order to save the parent-child relationship. *See* Iowa Code § 232.116(3)(a), (c). He claims the court could have placed L.M. in a guardianship with her paternal relatives instead of terminating his rights. But the father bears the burden of establishing the permissive factor should be applied by the court, and the record is devoid of any evidence showing termination would be detrimental to the child or that the paternal relatives were willing to enter into a guardianship. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). Under these circumstances, we cannot say the juvenile court should have applied a permissive factor.

We affirm the termination of the father's parental rights to L.M.

**AFFIRMED ON BOTH APPEALS.**